UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENYON REESE,**

        **Plaintiff,**　　　　　　　　　　Civil Action No. 18-cv-10383

        v.　　　　　　　　　　　　　　　**District Judge George Caram Steeh**

**COMMISSIONER OF**　　　　　　　　**Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenyon Reese seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**　　**RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") on November 30, 2015, alleging that he has been disabled since October 9, 2015. (TR 132–38.) The Social Security Administration initially denied Plaintiff's claims on January 13, 2016. (TR 79–82.) On March 15, 2017, Plaintiff appeared *pro se* and testified at a hearing before Administrative Law Judge ("ALJ") Latanya White Richards. (TR 29–68.) On June 20, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 16–24.) Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on January 11, 2018. (TR 1–3.) On February 1, 2018, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 11; docket no. 13.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 11, pp. 3–5.) In addition, the ALJ summarized Plaintiff's medical record (TR 19–22), and Defendant adopted the ALJ's recitation of the facts (docket no. 13, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since November 30, 2015, the date of Plaintiff's application. (TR 18.) In addition, the ALJ found that

2

Plaintiff had the following severe impairments: "left eye blindness, obesity, major depression, and a general anxiety disorder." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 19.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff cannot climb ladders or scaffolds;
- Plaintiff cannot be exposed to unprotected heights or hazardous machinery;
- Plaintiff is able to avoid hazards such as boxes on the floor, doors ajar, and approaching people or vehicles;
- Plaintiff cannot be exposed to concentrated exposure to respiratory irritants;
- Plaintiff must avoid sunlight or light brighter than found in an office or retail setting;
- Plaintiff is limited to low stress work which is defined as not requiring multi-tasking, high volume output, very short deadlines, or high levels of precision;
- Plaintiff can perform no more than simple routine tasks, simple work-related decisions, and only occasional changes in the work setting.

(TR 20.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including hand packager (DOT 559.687-014), assembler (DOT 706.684-022) and product sorter (DOT 529.687-186). (TR 23.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (*Id*.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the

conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

    **B.**    **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

Plaintiff contends that the ALJ erred by concluding at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform. (Docket no. 11, pp. 5–8.) This

5

objection comprises three discrete arguments: (1) that the RFC should have contained additional limitations regarding Plaintiff's visual acuity; (2) that the hand-packager position requires visual abilities in excess of Plaintiff's RFC; and (3) that the assembler position requires changes in work setting in excess of Plaintiff's RFC.

### 1. RFC

Plaintiff first contends that the RFC should have contained additional limitations regarding his vision. (Docket no. 11, pp. 6–7.) In support, Plaintiff asserts that he "has good vision in his right eye, but his total vision will be compromised" due to his left-eye condition. (*Id.*)

The ALJ considered Plaintiff's left-eye condition and included in the RFC that Plaintiff "must avoid sunlight or light brighter than found in an office or retail setting." (TR 20.) The ALJ also determined that Plaintiff could "avoid hazards such as boxes on the floor, doors ajar, and approaching people or vehicles." (*Id.*) In declining to impose additional visual limitations, the ALJ observed that Plaintiff reported driving during the day, cleaning, doing laundry, watching television, and reading. (TR 21.) The ALJ also emphasized that Plaintiff has 20/15 vision in his right eye and does not wear glasses. (*Id.*) Finally, the ALJ noted that in March of 2017, Plaintiff reported that his overall eyesight was slowly improving. (TR 409.)

Plaintiff offers no medical evidence to support additional visual limitations. Accordingly, substantial evidence supports the RFC.

### 2. Hand-Packager Position

Plaintiff asserts that the hand-packager position cited by the VE (DOT 559.687-014) conflicts with the RFC. (Docket no. 11, p. 6.) In particular, Plaintiff observes that a hand packager may be required to "visually examine[] molded products for defects, such as scratches, discoloration, and flash and discard[] defective products." DOT 559.687-074, 1991 WL 683797.

Plaintiff contends that this requirement conflicts with the ALJ's determination that Plaintiff is "able to avoid hazards such as boxes on the floor, doors ajar, and approaching people or vehicles." (Docket no. 11, p. 6.) In Plaintiff's view, the ALJ intended this language to establish the upper limit of his visual abilities, thereby precluding more demanding visual tasks.

Upon review of the decision, however, the ALJ intended the statement regarding Plaintiff's ability to avoid large objects to operate as a floor, not a ceiling. This statement is expressed in the positive (i.e., without qualifying language such as "only," "no more than," or "limited to") in both the ALJ's decision and in her hypothetical to the VE. (TR 20, 61.)

Accordingly, the ALJ did not err by relying on the VE's testimony that the hand-packager position can be performed by someone with Plaintiff's RFC.

### 3. Assembler Position

Finally, Plaintiff contends that the assembler position (DOT 706.684-022) requires that an employee "[m]ay be assigned to different work stations," which in Plaintiff's view conflicts with the RFC's limitation to "only occasional changes in the work setting." (Docket no. 11, p. 6.)

Plaintiff advances no authority for the assertion that this job classification requires more than occasional changes in work setting. The ALJ properly relied on the vocational expert's testimony that the assembler position can be performed by someone with Plaintiff's RFC.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 7, 2019         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: January 7, 2019         s/ Leanne Hosking
                               Case Manager